1824708

IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION
CASE NO.:

17TH JUDICIAL CIRCUIT COURT,
IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO. 18-02633 - DIV. 09

DAMANI MILLER,

　Plaintiff,

v.

AKORN PHARMACEUTICALS, INC.,

　Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, AKORN, INC. (incorrectly named "AKORN PHARMACEUTICALS, INC."), by and through undersigned counsel, and by special appearance only, pursuant to 28 U.S.C. § 1332, § 1391, § 1441, and § 1446, and Federal Rule of Civil Procedure 11, hereby files this Notice of Removal, requesting that this case be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. The basis for the removal of this actions is as follows:

### I. DEFENDANT'S NOTICE OF REMOVAL IS TIMELY

1.　AKORN, INC., (incorrectly named "AKORN PHARMACEUTICALS, INC."), is the Defendant in a civil action for monetary relief that Plaintiff, DAMANI MILLER, filed on February 2, 2018, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (Case No. CACE 18-02633, Div. 09), which is located in the Fort Lauderdale

Division of the United States District Court for the Southern District of Florida. (See Summons and Complaint and Civil Cover Sheet attached hereto and incorporated herein as composite Exhibit "A".)

2. Plaintiff attempted to serve the Complaint on Defendant by mailing a copy of the Summons and Complaint to Defendant's principal place of business in Decatur, Illinois, at the address of 1222 W. Grand Ave., Decatur, IL 62522. The mailing envelope indicates Plaintiff resides at 6471 SW 27th Street, Miramar, FL 33023. (See copy of Summons attached hereto as Exhibit "B", and copy of Mailing Envelope attached hereto and incorporated herein as Exhibit "C").

3. On February 6, 2018, AKORN, INC., received via U.S. Mail the Mailing Envelope containing the Summons and Complaint sent by Plaintiff.

4. Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action or proceeding shall be filed within 30 days *after receipt* by the defendant, through service *or otherwise,* a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

5. In this case, Defendant received the initial pleading in the mail on February 6, 2018, notwithstanding the fact that no valid service of process has been effectuated on the Defendant to date.

6. Therefore, the instant Notice of Removal is timely filed, as it is filed within 30 days of AKORN, INC.'S receipt of the Complaint.

## II. REMOVAL IS PROPER BECAUSE THERE EXISTS COMPLETE DIVERSITY OF CITIZENSHIP

7. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties.

8. This is not a class action or a mass tort action. There are only two parties to this action; one Plaintiff and one named Defendant.

9. No consent is required of another party to file this Notice of Removal, as there is only one named Defendant in this action.

10. In order to qualify for removal based on diversity of jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. See *Pease v. Medtronic, Inc.*, 6 F. Supp.2d 1354, 1356 (S.D. Fla. 1998).

11. Based on the allegations in the Complaint, Plaintiff at all times material hereto, was and is a citizen of the State of Florida, by representation in the Summons, Complaint, and Mailing Envelope that Plaintiff resides at 6471 SW 27th Street, Miramar, Broward County, Florida, 33023.

12. AKORN, INC., at all times material hereto, is and was a corporation that is organized and incorporated under the laws of the State of Louisiana and has a principal place of business in the State of Illinois. Plaintiff's Complaint alleges that Defendant was "doing business at Decatur, Illinois 1222 W. Grand Ave., Decatur, Illinois, Decatur County." (See Exhibit "A" at p. 1).

13. Plaintiff's Complaint does not allege that Defendant is or was incorporated in Florida and does not allege that Defendant's principal place of business is or was in Florida.

14. AKORN, INC., at all times material, is not and was not a citizen of the State of Florida, because it is not incorporated in Florida and it does not have its principal place of business in Florida. *28 U.S.C. § 1332(c)(1).*

### III. VENUE IS PROPER IN SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE DIVISION

15. Notwithstanding the fact that the Complaint fails to state a cause of action for which relief can be granted as a matter of fact and law, venue is proper in the Southern District of Florida,

Fort Lauderdale Division, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim *purportedly* occurred in Broward County, Florida. (See Exhibit "A" at p. 1).

### IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM FOR DIVERSITY OF CITIZENSHIP CASES

16. Plaintiff's Complaint pleads a specific demand for damages, to wit, $5 trillion. A Defendant need only establish by a preponderance of the evidence, that the total amount in controversy more likely than not exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs. *28 U.S.C. § 1332, et seq.*

17. The pertinent question is what is in controversy in the case, not how much Plaintiff is likely to recovery. A Defendant may satisfy this requirement without any additional evidence if it is facially apparent from the Complaint itself that the amount in controversy exceeds the jurisdictional amount. See *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

18. It is Defendant's contention that it is facially apparent from the face of the Complaint that the amount in controversy exceeds the jurisdictional minimum because not only has Plaintiff alleged a specific demand for damages, to wit, $5 trillion, he has based his demand on alleged permanent physical injuries to his body and mind that have allegedly "cost [him] [his] career and livelihood." (See Exhibit "A" at p. 1).

### V. CONCLUSION

19. Defendant has timely filed this Notice of Removal within 30 days of being served with the Complaint, in compliance with 28 U.S.C. § 1446.

20. A copy of this Notice of Removal has been provided to Plaintiff and is being filed contemporaneously with the Clerk of the Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

21. This Notice of Removal complies with the requirements under Federal law for removal, and this Court has original jurisdiction of this action based upon diversity of citizenship.

22. The amount in controversy exceeds $75,000.00.

23. This action is properly removed from State Court to Federal District Court, pursuant to 28 U.S.C. § 1441, et seq.

WHEREFORE, Defendant, AKORN, INC. (incorrectly named "AKORN PHARMACEUTICALS, INC."), respectfully requests that this Civil Action filed by Plaintiff, DAMANI MILLER, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to this Court as provided by 28 U.S.C. § 1441, et seq., and that this Honorable Court accept jurisdiction of this action.

Dated this 8th Day of March, 2018.

> Respectfully submitted,
>
> By: /s/ Jonathan C. Abel
> Jonathan C. Abel, Esquire
> Florida Bar No. 370721

[This space intentionally left blank]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel registered with the CM/ECF system, and, a copy hereof has also been furnished by service by U. S. Mail to Damani Miller, 6471 S.W. 27th Street, Miramar, FL 33023, Pro Se, on this 8th day of March, 2018.

CONROY SIMBERG
Attorneys for Akorn, Inc.
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
Telephone: (954) 961-1400 Broward
Facsimile: 954-518-8602
Primary Email: eservicehwd@conroysimberg.com
Secondary Email: jabel@conroysimberg.com

By: /s/ Jonathan C. Abel
    Jonathan C. Abel, Esquire
    Florida Bar No. 370721